# EXHIBIT A

2/27/24, 12:17 PM  
Case 2:24-cv-00935-JP   Document 1-1   Filed 03/04/24   Page 2 of 20  
propublic.buckscountyonline.org/PSI/v/detail/Case/6225855

## Case #2022-01352

| | |
|---|---|
| Case Number | 2022-01352 |
| Matter Code | |
| Commencement Date | 3/21/2022 5:19:57 PM |
| Last Filing Date | 2/8/2024 |
| Days Open | 708 |
| Case Type | WRIT OF SUMMONS |
| PFA Number | |
| Caption Plaintiff | COHEN, KEITH A |
| Caption Defendant | BENSALEM TOWNSHIP |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | DENISE M. BOWMAN |
| Judge Code | 42 |
| Parcel Number | |
| Remarks | WRIT OF SUMMONS TORT OTHER POLICE MISCONDUCT MONEY DAMAGES |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| COHEN, KEITH A | 2055 SOUTH STREET PHILADELPHIA, PA 19146 UNITED STATES | Levenberg, David London, Joseph L. | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| BENSALEM TOWNSHIP | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 1 | | |
| BAILEY, STEVE | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 2 | | |
| BENSALEM POLICE DEPARTMENT | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 3 | | |
| BENSALEM TOWNSHIP POLICE DEPARTMENT | 2400 BYBERRY ROAD BENSALEM, PA 19002 UNITED STATES | DiDomenicis, Robert P. | Yes | 4 | | |
| CATROMBON, JOHN | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 5 | | |
| GWILLIAM, OFFICER | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 6 | | |
| HORDIJENKO, OFFICER | 2400 BYBERRY ROAD BENSALEM, PA 19020 UNITED STATES | DiDomenicis, Robert P. | Yes | 7 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 3/21/2022 5:19:57 PM | E | WRIT OF SUMMONS TORT OTHER POLICE MISCONDUCT MONEY DAMAGES | No | 13066207 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 1 | 3/28/2022 2:07:09 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 03760 AMOUNT PAID $280.00 | No | 13072275 |
| 2 | 3/30/2022 2:21:18 PM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY THOMAS DICAMPELLO ON 3/30/2022 AT 11:14 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) LT. SCHUMAN. SERVED PIC WHO ACCEPTED SERVICE FOR ALL DEFTS. 2400 BYBERRY ROAD, BENSALEM, PA 19020, | No | 13074594 |
| 3 | 4/4/2022 3:16:36 PM | E | ENTRY OF APPEARANCE OF ROBERT DIDOMENICICS ESQ., ENTERED FOR DEFTS. WITH SERVICE ON 04/04/2022. | No | 13078273 |
| 4 | 4/4/2022 3:18:06 PM | E | JURY TRIAL DEMANDED BY DEFTS. WITH SERVICE ON 04/04/2022. | No | 13078281 |
| 5 | 4/1/2023 1:23:26 AM | | CASE INTERVENTION ORDER ENTERED. THIS ORDER WAS DOCKETED AND SENT PURSUANT TO PA.R.C.P.236 | No | 13339243 |
| 6 | 7/20/2023 4:19:25 PM | | AMENDED CASE INTERVENTION ORDER ENTERED JULY 19, 2023 BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 07/21/2023 PURSUANT TO PA. R. C. P. 236. | No | 13420918 |
| 7 | 7/26/2023 9:20:56 AM | E | PRAECIPE FOR RULE TO FILE COMPLAINT FILED. RULE RETURNABLE TWENTY DAYS AFTER SERVICE THEREOF. WITH SERVICE ON 07/25/2023. | No | 13424118 |
| 8 | 10/1/2023 2:02:02 AM | | COURT ADMIN CASE MANAGEMENT ORDER ENTERED. CERTIFIED READY DATE 9/21/2023 | No | 13474403 |
| 9 | 10/3/2023 2:54:44 PM | E | MOTION/PETITION FOR EXTENSION OF TIME WITH RESPECT TO THE TRIAL CERTIFICATION BY BENSALEM TOWNSHIP. WITH SERVICE ON 10/03/2023. | No | 13476587 |
| 10 | 10/12/2023 11:32:40 AM | E | MEMORANDUM OF LAW/BRIEF (SUPPLEMENTAL) BY DEFTS IN SUPPORT OF MOTION FOR EXTENSION OF TIME. WITH SERVICE ON 10/12/2023. | No | 13482778 |
| 11 | 11/14/2023 11:51:31 AM | | CASE MANAGEMENT ORDER ENTERED. CERTIFIED READY DATE 1/5/2024 NOVEMBER 13, 2023 BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 11/14/2023 PURSUANT TO PA. R. C. P. 236. | No | 13506724 |
| 12 | 11/27/2023 3:44:56 PM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B). BY DEFTS WITH SERVICE ON 11/27/2023. WITH SERVICE ON 11/27/2023. | No | 13515064 |
| 13 | 12/28/2023 3:31:26 PM | | PRAECIPE UNDER BCRCP 208.3(B) RETURNED TO COUNSEL BY COURT ADMINISTRATOR AS INAPPROPRIATE FOR RULE 208.3(B) DISPOSITION. FILED 11/27/2023 | No | 13538415 |
| 14 | 1/5/2024 10:46:43 AM | E | MOTION/PETITION BY DEFTS FOR EXTRAORDINARY RELIEF. WITH SERVICE ON 01/05/2024. | No | 13543711 |
| 15 | 2/6/2024 1:33:15 PM | | ORDER ENTERED BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/06/2024 PURSUANT TO PA. R. C. P. 236. | No | 13568684 |
| 16 | 2/7/2024 11:45:23 AM | E | ENTRY OF APPEARANCE OF JOSEPH LONDON ESQ., ENTERED FOR PLAINTIFF | No | 13569706 |
| 17 | 2/8/2024 4:11:17 PM | E | COMPLAINT IN TRESPASS - OTHER. | No | 13571665 |

Case 2:24-cv-00935-JP   Document 1-1   Filed 03/04/24   Page 4 of 20

5

# EXHIBIT B

# IN THE COURT OF COMMON PLEAS OF
# BUCKS COUNTY CIVIL DIVISION

| | |
|---|---|
| Keith A. Cohen<br>2055 South Street<br>Philadelphia, PA 19146<br>          Plaintiff<br>vs.<br><br>Bensalem Township<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Bensalem Police Department<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Bensalem Township Police Department<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>John Catrombon<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Steve Bailey<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Officer Hordijenko<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Officer Gwilliam<br>2400 Byberry Road<br>Bensalem, PA 19020<br>          Defendants | No: **2022-01352**<br><br>Civil Action Complaint |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Bucks County Bar Association
135 East State Street Doylestown, PA 8901
Phone (215) 348-9413,
1-800-479-8585
www.bucksbar.org

**PA Bar Association: www.pabar.org**

Joseph L. London, Esquire
Attorney ID #15852
510 Lakeside Office Park
Southampton, PA 18966
215-364-3937 215-364-4599(F)
joeyler@aol.com

**LAW OFFICES OF JOSEPH L. LONDON, P.C.**
**BY: JOSEPH L. LONDON, ESQUIRE**
**ATTORNEY IDENTIFICATION 15852**
**510 LAKESIDE DRIVE**
**LAKESIDE OFFICE PARK**
**SOUTHAMPTON, PA  18966**
**(215) 364-3937**                              **Attorney for Plaintiff**

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY CIVIL DIVISION

| | |
|---|---|
| Keith A. Cohen<br>2055 South Street<br>Philadelphia, PA 19146<br>                    Plaintiff<br>vs.<br><br>Bensalem Township<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Bensalem Police Department<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Bensalem Township Police Department<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>John Cantrombon<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Steve Bailey<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Officer Hordijenko<br>2400 Byberry Road<br>Bensalem, PA 19020<br><br>Officer Gwilliam<br>2400 Byberry Road<br>Bensalem, PA 19020<br>                    Defendants | No: **2022-01352**<br><br>Civil Action Complaint |

3 | Page

## CIVIL ACTION COMPLAINT

**Factual Background:**

1. On or about the 24th day of March 2022, and for sometime prior thereto, the Defendant Bensalem Township was a governmental agency, duly organized and existing under the laws of the Commonwealth of Pennsylvania and in furtherance thereof did and were required to provide safe and competent police personnel and police training in, on, about and around Bensalem Township in Bucks County, Pennsylvania.

2. On or about the aforesaid date, and for sometime prior thereto, the Defendant Bensalem Police Department and/or Defendant, Bensalem Township Police Department were municipal departments of the Defendant Bensalem Township and as agents, servants, workmen, and/or employees of each other and in furtherance thereof did and were required to provide safe and competent police personnel and police training in, on, about and around Bensalem Township in Bucks County Pennsylvania.

3. On or about the aforesaid date, the defendants John Catrombon, Steve Bailey, Officer Hordijenko, Office Gwilliam and others, currently unknown, were police officers, trained, placed upon the streets of Bensalem Township as agents, servants, workmen and/or employees of the Defendants Bensalem Township, Bensalem Police Department, and/or Bensalem Township Police Department operating under color of state law and in concert therewith, as agents, servants, workmen and/or employees of each other were charged and required to protect and serve as well as act in protecting and assisting any citizens encountered in furtherance of their duties to provide and keep them safe and secure according to the laws of the Commonwealth of Pennsylvania and the United States of America.

4. On or about the aforesaid date, Plaintiff, Keith A. Cohen was the operator of a motor vehicle that had broken down and was inoperable in the right curb lane on Street Road at or near its intersection with the I-95 overpass in Bensalem Township, Bucks County, Commonwealth of Pennsylvania.

5. Plaintiff thereupon promptly notified 911 emergency services and his pre-paid towing company that he would need assistance to remove the disabled motor vehicle to a local repair shop.

6. Defendant police officers, aforesaid, arrived on the scene before the pre-paid tow truck called by Plaintiff and parked their vehicles directly behind the motor vehicle in which Plaintiff was sitting and informed Plaintiff that he would have to use a tow truck called by them rather than the one dispatched to the scene at Plaintiff's request.

7. Plaintiff again called 911 Emergency to complain about the action of the police officers on the scene and request further assistance be dispatched to the scene as the police officer had become belligerent in their interactions with the Plaintiff.

8. Plaintiff objected to the use of any tow truck not authorized by him and further was unable to pay the fee quoted by the towing company called by the police whereupon he was forcibly removed from the disabled motor vehicle by the police officers, held, twisted, kneed, thrown to the ground, handcuffed over his continuing objections, searched and placed under arrest without cause and put in a police van for transportation.

9. At all times material hereto, traffic was light and able to move past the disabled vehicle in the adjacent lane without difficulty and police did not direct traffic or place warning cones or signals because Plaintiff was in no way obstructing the movement of traffic.

10. Plaintiff continued to object to his arrest without cause and that the handcuffs were too tight and caused bleeding on and about his wrists but the Defendant police officers ignored his pleas for help and relief from further injury and continued to use unnecessary and excessive force.

11. Plaintiff was driven to Madison court in Bensalem Township, where his handcuffs were removed and he was released from custody to fend for himself from multiple injuries sustained as a result of the Defendant's conduct.

12. Plaintiff then had to seek and did secure emergency medical care for his injuries on his own.

13. Plaintiff's car was impounded and he was forced to pay a $350 fee to retrieve it.

14. On April 13th, 2020, Plaintiff filed a complaint with Defendants, on the form required by them, for the conduct of their police officers but never heard the outcome of any action or resolution of the complaint. A copy of filed Complaint is attached and marked Exhibit "A")

15. In an apparent retaliation for the Complaint filed by the Plaintiff, Defendants thereafter filed multiple criminal charges against the Plaintiff which have ultimately caused him great harm in attempting to pursue his everyday work activities with school age tennis players.

16. Plaintiff, at all times material hereto was peaceable and never gave any cause for Defendants to act in the manner they did and to cause Plaintiff injury, his arrest and confinement.

17. As a result of the aforesaid occurrence, the Plaintiff, was caused to suffer sever and permanent physical injuries, in, on and about his person including serious impairment of body function, more particularly; a severe, permanent and resultant post-traumatic chronic sprain and strain of the cervical spine with radiculitis and resultant injuries to his nerves, muscles, ligaments, discs, bones, and blood vessels thereof with radiculopathy; multiple contusions, sprains and strains of the wrists and hands with bleeding and resultant right wrist TFCC tear and right thumb numbness; bilateral shoulder, left thigh and left knee sprain and strains; multiple contusions, sprains and strains to the right rib cage, a sever shock to his nerves and nervous system with headaches and dizzy spells and other sever injuries in, on and about his head, arms, legs, neck, back and body all of which have caused him great pain, suffering and inconvenience and have prevented him from attending his usual customary duties, avocations and occupations and all of which have caused him to sustain a loss of earnings and/or earning power and all of which may continue for an indefinite time in the future and be permanent in nature.

18. As a result of the aforesaid occurrence, the Plaintiff has been forced and may in the future be forced to expend large and various sums of monies for medical services, x-rays, medications, hospitalizations, and other various expenses, to treat and cure himself of the injuries he sustained in the incident aforesaid, all of which may continue for an indefinite time into the future.

19. Further, as a result of the aforesaid occurrence, the Plaintiff has sustained other expenses all of which has been to his great financial damage, loss, and impaired his ability for future employment.

## COUNT I

*Plaintiff vs. Defendant Officers*
*Excessive Force/Assault & Battery/False Arrest/False Imprisonment*

20. Plaintiff, incorporated by reference hereto, the relevant allegations contained within the paragraphs above inclusive, as full as though they were herein set forth at length.

21. At all times relevant hereto, Plaintiff had not committed any infraction to otherwise legally justify the excessive force, assault and battery and/or the conduct employed by the Defendants.

22. Defendants' detention and arrest of Plaintiff lacked probable cause or other legal justification and could have been easily resolved in a more efficient way i.e. allowing Plaintiff's tow truck to arrive and remove vehicle, and/or placing warning cones on shoulder of highway until tow truck arrived.

23. Defendants placed Plaintiff in fear of physical harm and contact (assault) and then physically harmed and contacted Plaintiff (battery), without justification, permission or consent.

24. Defendants' actions set forth above were committed under color of state law and were violations of Plaintiff's clearly established and well settled constitutional and legal rights.

25. After the aforesaid occurrence, Plaintiff did give timely and reasonable notice to the aforesaid Defendants and proof of the facts of the occurrence, injuries and expenses incurred.

26. Plaintiff hereby suffered from the excessive force and by Defendants' excessive and wrongful conduct violation of the Constitution of the United States including the fourth, eighth, and fourteenth amendments thereof, actionable though 42 U.S.C. 1983, et. Seq., common law and state law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter Judgement on *Count I Excessive Force/Assault & Battery/False Arrest/False Imprisonment* in his favor and against the Defendants, in excess of $50,000.00 for actual damages; punitive damages attorney's fees, cost of suit and any other relief this Honorable Court deems just and proper.

## COUNT II

*Plaintiff vs. Defendants*
*Excessive Force/False Arrest/False Imprisonment*
*Violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution*

27. Plaintiff, incorporated by reference hereto, the relevant allegations contained within the paragraphs above inclusive, as full as though they were herein set forth at length.

28. Defendants' detention and arrest aforesaid were unlawful, being a false arrest and false imprisonment, in violation of Plaintiff's Fourth Amendment right to be secure against unreasonable seizures. U.S. Constitution Amendment IV.

29. Defendant's use of excessive force aforesaid violated Plaintiff's Fourth Amendment right to be secure against unreasonable seizures. U.S. Constitution Amendment IV.

30. Defendants' use of excessive force aforesaid violated Plaintiff's Eighth Amendment right to be free from cruel and unusual treatment and punishment. U.S. Constitution Amendment VIII.

31. Defendants' use of excessive force aforesaid violated Plaintiff's Fourteenth Amendment rights because he was deprived of liberty without due process. U.S. Constitution Amendment XIV.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter Judgement on *Count II Excessive Force/False Arrest/False Imprisonment Violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution* in his favor and against the Defendants, in excess of $50,000.00 for actual damages; punitive damages attorney's fees, cost of suit and any other relief this Honorable Court deems just and proper.

## COUNT III

*Plaintiff vs. Defendants*
*Monell Claims*
*Failure to Train and Have Proper Procedures and Safeguard in Place*

32. Plaintiff, incorporated by reference hereto, the relevant allegations contained within the paragraphs above inclusive, as full as though they were herein set forth at length.

33. Prior to the events described herein, Defendants Developed, practiced and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons within the geographic and jurisdictional limits of Bensalem Township which caused violations of Plaintiff's constitutional and other rights.

34. The Defendant Municipality is liable for the Defendant Officer's actions and violations of Plaintiff's constitutional rights, and when that violation is repeated and ignored or encouraged as an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to protect the public.

35. The above acts and omissions by Defendants as the employer, supervisor, and policy maker in failing to properly control, train, discipline, and investigate the prior conduct of Defendant police officer demonstrated a deliberate indifference to the rights of citizens including the Plaintiff and were the cause of the violation of Plaintiff's rights.

36    Defendant's failed to properly investigate the background of Officer Catrombon who previously resigned from the Bethlehem Police. Officer Catrombon was forced to resign from the Bethlehem Police for failure to report his own arrest for slapping a woman and working on their police force without the proper credentials.

35.   Plaintiff suffered harm due to Defendants' conduct and the failure to properly train officers in a non-emergency situation and the insistence of the police to use their own particular towing agency, when the Plaintiff had secured his own towing company that would have arrived within the hour.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter Judgement on *Count III Monell Claims Failure to Train and Have Proper Procedures and Safeguard in Place of the United States Constitution* in his favor and against the Defendant, in excess of $50,000.00 for actual damages; punitive damages attorney's fees, cost of suit and any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

Joseph L. London
Attorney No: 15852
510 Lakeside Drive
Southampton, PA 18966
215.364.3937  215.364.4599(F)
joeyler@aol.com

## **VERIFICATION**

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel or which information has been gathered by counsel in the course of the lawsuit. The language of the pleading is that of counsel and not of the signer. Signer verifies that they have read the within pleading and that is true and correct to the best of their knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 2/8/2024

**Keith A. Cohen**

# Exhibit "A"



# Bensalem Township Police Department

## Complaint Against Police Statement Form

Complainant's Name: KEITH A. COHEN  
Home Phone: 267-252-2631  
Address: 1410 S. 7th St. Phila., PA 19147  
Bus. Phone:  
Witnesses Name:  
Home Phone:  
Officer Receiving Complaint:  
Date/Time:  

Nature of Complaint: Assault, false imprisionment, & arrest  
Type of Incident: Asking for assistance with my disabled auto  
Location: Street Road & I-95 Overpass   Date/Time: 3/24/2020 about 4 P.M.  
Officer(s)/Personnel Involved: Mutiple Bensalem Township Police Officers  

Synopsis:

See Attached.

Additional page(s) Attached: ☒ yes ☐ no

Unsworn Falsification to Authorities, Statements "Under Penalty"- A person commits a misdemeanor of the third degree, if he/she makes a written false statement which he/she does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable. (Title 18, Section 4904.b), and/or False Reports to Law Enforcement Authorities – A person commits a misdemeanor of the second degree, if he/she knowingly gives false information to any law enforcement officer with intent to implicate another.

_Keith A. Cohen_  
Signature of Complainant

4/13/2020  
Date

02/16

D-75

## Complaint - Synopsis Additional Page

April 13, 2020

I was severely injured by multiple Bensalem Police Officers after I called Bensalem Police for assistance with my disabled vehicle. Police arrived while I was waiting for my insurer's tow truck to arrive and was informed by the officers that I would have to use the tow company used by the police instead, at my expense. Not being able to afford the quoted fee, I told them I would use the tow company sent by my insurer instead and refused their service. My vehicle was on the side of the road, not blocking traffic and there was no traffic back up. At that point without cause, I was restrained by the police, searched and then violently assaulted, beaten, pushed down to the ground, pinned against a concrete post, handcuffed over tightly, arrested and, with no explanation, placed in a police van for transport. I complained about the tightness of the handcuffs to no avail, was bruised, cut, bleeding and in pain but medical treatment was refused, instead after a rocky ride where I was thrown about, I was taken to my father's home and released from custody without any charges being made. My car was impounded incurring a fee of $ 350.00. I required and received emergency medical treatment, extensive follow up care to date and am still disabled, in pain and suffering from the police conduct from this incident.